SUMMARY ORDER

Petitioner Xue Hua Liu, a native and citizen of the People’s Republic of China, seeks review of the October 2, 2008 order of the BIA affirming the April 10, 2007 decision of Immigration Judge (“IJ”) Margaret R. Reichenberg denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xue Hua Liu, No. A098 980 963 (B.I.A. Oct. 2, 2008), aff'g No. A098 980 963 (Immig. Ct. N.Y. City Apr. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its decision closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law ánd the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Liu argues that the agency erred by failing to grant her relief based on her alleged resistance to China’s coercive family planning policy. See 8 U.S.C. § 1101(a)(42). To demonstrate eligibility *622 on this basis, an applicant must show that: “(1) [s]he resisted China’s family planning policy; (2)[s]he was persecuted (or has a well-founded fear of persecution); and (3) the persecution was or would be because of [her] ... resistance to the policy.” Matter of M-F-W & L-G-, 24 I. & N. Dec. 633, 641 (BIA 2008). Liu claims that she resisted the policy by initially refusing to attend a mandatory gynecological examination. However, even if such refusal constituted “resistence” to China’s family planning policy, the agency did not err in finding that she was not persecuted as a result. See Matter of S-L-L-, 24 I. & N. Dec. 1, 10-11 (BIA 2006), overruled on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir.2007) (applicant seeking relief pursuant to “other resistence” must also demonstrate that he “suffered harm amounting to persecution on account of that resis-tence”). The only facts Liu presented in support of her argument were that: (1) school officials broadcasted her name over a public loudspeaker to shame her into undergoing a gynecological examination; (2) officials required her to attend “ideological education” classes to persuade her to undergo the examination; and (3) officials went to her home and told her mother that Liu must attend the examination. While unfortunate, we cannot conclude, contrary to the agency, that these rose above “mere harassment.” See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006).
Liu also argues that the agency erred by concluding that her economic mistreatment did not rise to the level of persecution. Although the BIA has recognized that economic harm may constitute persecution, see Matter of Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985), “the economic difficulties must be above and beyond those generally shared by others in the country ... and involve noticeably more than mere loss of social advantages or physical comforts,” Matter of T-Z-, 24 I. & N. Dec. 163, 171-73 (BIA 2007) (recognizing that economic persecution encompasses “the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life.”).
Here, the agency reasonably determined that increased fees for Liu’s schooling and limitations on her career prospects did not constitute a “severe economic disadvantage” tantamount to persecution. There is no evidence that Liu was deprived of any basic necessities, and while she was precluded from obtaining certain government positions, she failed to demonstrate that she was ineligible for employment generally. Thus, we find no error in the agency’s denial of Liu’s asylum claim predicated on her allegations of economic persecution. We similarly decline Liu’s request that we remand her case so that she may introduce additional evidence in support of that claim. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269 (2d Cir.2007).
Because Liu failed to establish her eligibility for asylum, the agency also correctly denied her claim for withholding of removal because it was based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (failure to establish eligibility for asylum necessarily precludes eligibility for withholding of removal because of the latter’s higher standard of proof).
As a final matter, Liu asserts that the agency failed to give meaningful consideration to her claim for CAT relief based on her illegal departure. However, it is well-settled that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005). Thus, *623 because Liu did not present particularized evidence demonstrating that she was likely to face torture, the agency properly denied her request for CAT relief. See id. (although “there is a risk that any individual detainee in China may be subjected to repressive conditions in prison,” this generalized risk does not demonstrate that a particular petitioner is likely to face torture if repatriated to China).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).